UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

JALLISSA RODRIGUEZ, on behalf of herself and others       Civil Action No.:
similarly situated,

                             Plaintiff,        **CLASS AND**
                                              **COLLECTIVE**
          -against-                     **ACTION COMPLAINT**

CAJUN SEAFOOD MIDDLETOWN LLC
D/B/A HOOK & REEL CAJUN SEAFOOD AND BAR       **JURY TRIAL REQUESTED**
and JOHN DOE,

                            Defendants.

-------------------------------------------------------------------------X

       Plaintiff, Jallissa Rodriguez ("Plaintiff"), on behalf of herself and others similarly situated,

by her attorneys, Law Offices of Yale Pollack, P.C., as and for her Complaint against Defendants,

Cajun Seafood Middletown LLC d/b/a Hook & Reel Cajun Seafood and Bar and John Doe

(collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

       1.      Plaintiff brings this action, on behalf of herself and other current and former

employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended,

29 U.S.C. §§201 *et seq.* (the "FLSA").  Plaintiff seeks, for herself and other similarly situated

employees, unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and

all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other

applicable federal law.

       2.      Plaintiff also brings this action, on behalf of herself and other similarly situated

employees, to remedy violations of New York State Labor Law, including New York Labor Law

§§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R. §142-2.2.  Plaintiff seeks, for

herself and all other similarly situated employees, unpaid wages, misappropriated tips, statutory

damages, pre- and post- judgment interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

3.      Plaintiff also brings this action to remedy Defendants' violations of NYLL §215 by terminating her employment for engaging in protected activity.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5.      Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6.      Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Southern District and the residence of Defendants are within the Southern District.

## PARTIES

7.      Plaintiff is an individual who resides in the County of Orange, State of New York.

8.      At all times herein mentioned, Plaintiff was employed by Defendants, where she worked as a waitress.

9.      Upon information and belief, Defendant Cajun Seafood Middletown LLC d/b/a Hook & Reel Cajun Seafood and Bar ("H&R") is a domestic limited liability corporation authorized to do business in the State of New York, with its principal place of business located in the County of Orange, State of New York.

10.     Upon information and belief, Defendant John Doe ("Doe") is an authorized agent

2

of H&R.

11.     At all relevant times mentioned herein, Doe had the power to hire, fire, and control the wages and working conditions of Plaintiff, the FLSA Collective Plaintiffs (as defined herein) and the Class Members (as defined herein).

12.     Doe had authority to, and did in fact, exercise operational control over H&R.

13.     Doe set the manner by which Plaintiff, the FLSA Collective Plaintiffs and the Class Members were to be paid while employed by H&R.

14.     At all times relevant, Defendants were covered by the FLSA and the NYLL.

15.     Defendants maintained a common policy and practice of, *inter alia*, not paying employees for all hours worked during their employment or otherwise notifying them of their rights under the law.

16.     At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

17.     Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

18.     At all relevant times, Defendants were Plaintiff's employers, as well as the employers of FLSA Collective Plaintiffs and the Class Members, within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

19.     Plaintiff commenced her employment with Defendants in June 2022, where she worked as a server until August 26, 2022.

20.     During her employment, Plaintiff was paid less than basic minimum wage required

3

for employees outside of New York City, Long Island and Westchester.

21.     Specifically, Plaintiff's paystubs indicate that she was paid $8.80 per hour on a bi-weekly basis, when minimum wage for where Plaintiff worked was $13.20 per hour.

22.     H&R took a tip credit against Plaintiff's wages, as well as similarly situated employees.

23.     However, at no time prior or during Plaintiff's employment did H&R provide any notice of any tip credit being taken against her wages.

24.     At the time of her hire (or at anytime thereafter), Plaintiff did not receive any document from H&R advising her of information such as her pay rate, overtime pay rate, regular pay day, frequency of pay, or other information required to be provided to her under the NYLL.

25.     Additionally, Defendants would not timely and properly distribute to Plaintiff, or similarly situated employees, her earnings.

26.     Plaintiff and similarly situated employees often received only partial payment of their wages and then the payments would be further delayed over the Summer of 2022.

27.     For example, if a customer did not leave a cash tip for Plaintiff, the tip amounts she was supposed to receive would not be dispersed on her checks.

28.     H&R also violated New York's Hospitality Industry Wage Order by paying Plaintiff and similarly situated employees on a bi-weekly basis when the law requires those in the hospitality industry to be paid weekly.  22 NYCRR §146-2.6.

29.     A more precise statement of the hours Plaintiff, the FLSA Collective Plaintiff, and Class Members worked, and wages Plaintiff, the FLSA Collective Plaintiff, and Class Members received, may be made when Plaintiff obtains the records in the course of discovery Defendants are required to keep under the NYLL.

30.     During her employment, Ms. Rodriguez discovered that managers were stealing tip money from the tip pools.

31.     Managers stealing from a tip pool would have invalidated any tip pool even if proper notice of a tip credit been provided.

32.     Plaintiff noticed that she and other servers were being charged for an extra $300 to $700 in tips on their checks when such tips were not actually received by them but, instead, were retained by managers.

33.     Plaintiff confronted the managers and owners in H&R to advise them that they were violating the law with regard to not providing employees with their full payment, including tips.

34.     When Plaintiff asked for contact information for corporate headquarters so she could raise it to their attention, she was simply ignored by management.

35.     Plaintiff told her managers that she intended on raising these illegal practices to New York State and the Better Business Bureau.

36.     Shortly thereafter, Ms. Rodriguez was terminated.

37.     On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff and the putative class members should be tolled due to the failure to provide appropriate and required notice of the law.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings Count One as a collective action pursuant to Section 216(b) of the FLSA, on behalf of himself and others similarly situated, which shall include:

> All persons who work or worked for Defendants as non-exempt tipped employees from three (3) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter who elect to opt-into this action (the "FLSA Collective Plaintiffs").

39.     At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required minimum wages.

40.     Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other employees who worked for Defendants to receive notice of the action and allow them to opt-in to such an action if they so choose.

41.     Count One is properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA.  The FLSA Collective Plaintiffs are readily ascertainable from records that Defendants are required by law to maintain.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

## RULE 23 CLASS ALLEGATIONS

42.     Plaintiff brings Counts Two, Three and Four as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class Members") consisting of:

> All persons who work or worked for Defendants as non-exempt tipped employees from six (6) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter (the "Class Period").

43.     The Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are believed to be at least forty (40) Class Members during the Class

Period.   There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.   The claims of Plaintiff are typical of the claims of the Class Members.

44.     Plaintiff will fairly and adequately protect the interests of the Class Members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendants.

45.     There are questions of law and fact common to the Class Members which predominate over any questions solely affecting individual Class Members, including whether Defendants failed to pay Plaintiff and Class Members overtime wages and spread of hours pay for all hours worked.

## COUNT ONE
**(Failure to Pay Minimum Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

46.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all allegations in all preceding paragraphs.

47.     The FLSA requires that employers pay all employees at least minimum wage to employees for all hours worked up to forty (40) per week, unless they are exempt from coverage.

48.     In cases where an employee is subject to both state and federal minimum wage, the employee is entitled to the higher minimum a=wage.

49.     As set forth herein, during her employment, Plaintiff and the FLSA Collective Plaintiffs regularly worked below minimum wage.

50.     At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly

7

failed to pay Plaintiff and the FLSA Collective Plaintiffs the required minimum wages to which they are entitled.

51.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**COUNT TWO**
**(Failure to Pay Minimum Wages – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)**

52.     Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

53.     The NYLL requires that employers pay all employees at least minimum wage to employees for all hours worked up to forty (40) per week, unless they are exempt from coverage.

54.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

55.     At all times relevant, Plaintiff and Class Members have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class Members within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

56.     At all times relevant, Plaintiff and the Class Members have been covered by the NYLL.

57.     Defendants have failed to pay Plaintiff and the Class Members the minimum wages to which they are entitled under the NYLL and the supporting New York State Department

of Labor Regulations.

58.     Pursuant to the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York

State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the

Class Members the unpaid overtime wages to the present, under the NYLL §§ 650 *et seq.* and the

supporting New York State Department of Labor Regulations.

59.     Through their knowing or intentional failure to pay overtime wages to Plaintiff

and the Class Members, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and

the supporting New York State Department of Labor Regulations.

60.     Due to Defendants' willful violations of the NYLL, Plaintiff and the Class

Members are entitled to recover from Defendants their unpaid wages, liquidated damages as

provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment

interest.

## **COUNT THREE**
### **(Illegal Deductions from Gratuities – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)**

61.     Plaintiff, on behalf of herself and the Class Members, realleges and incorporates

by reference all allegations in all preceding paragraphs.

62.      Pursuant to NYLL § 196-d, "[n]o employer or his agent or an officer or agent of

any corporation, or any other person. . . shall demand or accept, directly or indirectly, any part of

the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported

to be a gratuity for an employee."

63.     At all relevant times, Defendants knowingly retained/misappropriated gratuities

belonging to Plaintiffs and the Class Members.

64.     As a result of Defendants' unlawful conduct, Plaintiffs and the proposed members of the NYLL Class were denied tips to which they were otherwise entitled.

65.     Defendants willfully and intentionally violated § 196-d of the NYLL.

66.     Due to Defendants' unlawful conduct, Plaintiff and the Class Members are entitled to recover from Defendants their respective unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT FOUR
**(Failure to Timely Pay – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)**

67.     Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

68.     New York's Hospitality Wage Order requires that food service employees, such as Plaintiff and the Class Members, be paid on a weekly basis.

69.     Plaintiff and the Class Members were paid on a bi-weekly basis while employed by Defendants.

70.     Due to Defendants violations of the NYLL, including §§191 and 198, Plaintiff and the Class Members are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT FIVE
**(Retaliation - NYLL)**
**(On Behalf of Plaintiff)**

71.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.     As set forth herein, Plaintiff engaged in protected activity once she complained to

management about tip misappropriation.

73. Shortly after lodging her complaint, Defendants terminated Plaintiff.

74. Defendants has no legitimate reasons to terminate Plaintiff at the time that they did.

75. Based on the foregoing, Plaintiff is entitled to damages from Defendants for their violations of NYLL §215, including back pay, compensatory damages, penalties available under the law, and attorneys' fees and costs.

**COUNT SIX**
**(Wage Notice Violations)**
**(On Behalf of Plaintiff)**

76. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

77. Defendants failed to furnish Plaintiff and the Class Members with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary

78. Due to Defendants' violations of NYLL §195(1), Plaintiff and the Class Members are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage notices, or a total of five thousand dollars each,

reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

## COUNT SEVEN
### (Wage Statement Violations)
### (On Behalf of Plaintiff)

79.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

80.     Defendants failed to furnish Plaintiff and the Class Members with an accurate statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

81.     Due to Defendants' violations of NYLL §195(3), Plaintiffs and the Class Members are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## JURY DEMAND

Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

## BCL §630 / LLCL §609 NOTICE AND DEMAND

Pursuant to New York Business Corporation Law ("BCL") §630 and/or New York Limited Liability Company Law ("LLCL") §609, Plaintiff hereby advises that it intends to hold its top ten shareholders and/or members liable for the unpaid wages referenced herein.  Further, Plaintiff demands that H&R permit an examination of its record of shareholders under BCL §624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

A.      Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective Plaintiffs, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.      Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure for applicable claims under the NYLL;

C.      Awarding Plaintiff, similarly situated co-workers and putative class members, damages for the amount of unpaid wages under the FLSA and/or the NYLL;

D.      Awarding Plaintiff, similarly situated co-workers and putative class members, liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

E.      Awarding Plaintiff, individually, compensatory damages for her lost earnings, emotional distress, attorneys' fees, costs and other statutory remedies pursuant to the NYLL;

F.      Awarding pre- and post-judgment interest as permitted under the law;

G.      Awarding the costs of this action together with reasonable attorneys' fees; and

H.      Granting such other and further relief as this Court deems necessary and proper.

Dated: March 15, 2023
       Syosset, New York

                                    Respectfully submitted,
                                    **LAW OFFICES OF YALE POLLACK, P.C.**

                                    By: */s/ Yale Pollack*
                                              Yale Pollack, Esq.
                                    66 Split Rock Road
                                    Syosset, New York 11791
                                    (516) 634-6340
                                    ypollack@yalepollacklaw.com

                                    *Attorneys for Plaintiff, the FLSA Collective Plaintiffs*
                                         *and the Class Members*

14